IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NACHIAPPAN SUBBIAH MUTHUKUMAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:12-CV-2629-O-BH |
| | ) | |
| JUDGE DAVID BRIDGES, et al., | ) | |
| | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is Plaintiff's *Motion to Leave to Proceed IFP*, filed August 19, 2012 (doc. 7), which incorporates his application to proceed *in forma pauperis* in a related case, No. 3:12-CV-2172-O (doc. 4). Based on the relevant filings and applicable law, the plaintiff's request to proceed *in forma pauperis* should be **DENIED**, and the case should be dismissed for failure to follow court orders.

**I. BACKGROUND**

On July 9, 2012, Plaintiff filed suit against Nissan North America Inc. for allegedly selling him a defective motor vehicle that it refused to repair or repurchase. (*See* 3:12-CV-2172-O, doc. 3). He apparently filed suit against the same defendant in a county court concerning the same motor vehicle. (*See id.,* docs. 8 at pp. 2-3; 9 at pp. 1-2.)  In that case, he later sought to 1) add as a defendant the state appellate judge who ruled against him when he appealed a judgment issued by the county court; 2) enjoin the state appellate courts from taking further action in his case based on his allegation that the judge violated his civil rights under 42 U.S.C. § 1983 by failing to properly

consider his appeal; and 3) obtain an emergency stay and injunction enjoining the county court from holding a contempt of court hearing in August over his failure to respond to discovery concerning his ability to satisfy an award of attorney fees in favor of the defendant. By order dated July 30, 2012, the Court found that the alleged civil rights violations by state judges were separate from the merits of the plaintiff's suit against the defendant who sold him a motor vehicle, did not arise from the same transaction that resulted in his purchase of the vehicle, and did not present common questions of law or fact. (*See id.,* doc. 11.) The claims in his motions were therefore severed and opened in this separate civil action.

After a *Notice of Deficiency and Order* was issued in this case, in part, for failure to pay the fee or file a motion to proceed *in forma pauperis,* the plaintiff filed his *Motion to Leave to Proceed IFP* on August 19, 2012. (*See* doc. 7.) His motion incorporated his application to proceed *in forma pauperis* in the first case, (*see* 3:12-CV-2172-O, doc. 4), and contended that his financial condition had not changed. In the original case, the Court repeatedly found that the plaintiff had enough assets to pay the filing fee. (*See* 3:12-CV-2172-O, docs. 6, 10, 12.) Based on the information in his motion in the original case, the Court again found that Plaintiff had enough assets to pay the filing fee and gave him fourteen days to pay the full filing fee of $350.00 in this case. (*See* doc. 10.) The order specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case would be subject to dismissal. *Id.* Plaintiff filed what appear to be objections to that order on August 20, 2012. (*See* doc. 11.) He has not paid the filing fee for this case despite sufficient assets.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound

discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Plaintiff's application shows that his wife's gross monthly income for the past twelve months is $4,000.00, and that they currently have $4,000+ in cash in a bank account. He claims average monthly household expenses of $3,000 per month, but only lists itemizes $1,700 in monthly expenses. His assets have been found sufficient to warrant denial of leave to proceed *in forma pauperis* in both district court and on appeal in other cases. *See Muthukumar v. Bridges,* 3:12-CV-2629-O (N.D. Tex.), at doc. 6; *Muthukumar v. Bankston Nissan Lewisville,* 3:12-CV-2007-B (N.D. Tex.), at docs. 6, 8; *Muthukumar v. Dess,* 3:12-CV-1719-N (N.D. Tex.), at doc. 6; *Muthukumar v. The University of Texas at Dallas,* 3:10-CV-115-B (N.D. Tex.), at doc. 77. Based on the current amount of cash listed as being on hand, Plaintiff has likewise not shown that he will suffer undue financial hardship after payment of the $350.00 filing fee, and his motion to proceed *in forma pauperis* should be denied.

### III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff has

3

been given the opportunity to pay the filing fee, and he was specifically warned that failure to do so would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case would be subject to dismissal.  Because he failed to comply with an order that he pay the filing fee and has sufficient assets with which to do so, his case should be dismissed.

## IV.  RECOMMENDATION

The plaintiff's motion to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to follow court orders unless he pays the filing fee within the time for objecting to this recommendation.

**SIGNED** on this 10th day of September, 2012.

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4